John Wilson v. The State.

No. 9212.  Delivered June 10, 1925.

Rehearing Denied October 21, 1925.

**1.—Possessing Material for Manufacture—Verdict—Misspelled Words—Not Vital.**

Where on a trial for possession of material for the manufacture of intoxicating liquor the verdict of the jury mispelling the words assess by writing it "ases" and of the word penitentiary by writing it "penatenure" is immaterial, the meaning of the jury from the context being unmistakable.

ON REHEARING.

**2.—Same—Indictment—Not Duplicitous.**

Where an indictment charges in separate counts, kindred offenses, growing out of the same transaction, it is not subject to the charge that it is duplicitous.  Following Collins v. State, 77 Tex. Crim. Rep. 166.

**3.—Same—Evidence—Held Sufficient.**

Where on a trial for possessing material for manufacturing intoxicating liquor, appellant confesses that the barrel of mash found on his premises belonged to him, and that it had been "setting" for three days and that he was figuring on getting a still "To run off the mash  *  *  *  if I could have located the Copeland still, called the company's outfit, I was going to use it," the verdict of the jury is sustained.

Appeal from the District Court of Denton County.  Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction for possessing material for the manufacture of intoxicating liquor; penalty, eighteen-months in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Denton County of possessing material for the manufacture of intoxicating liquor, and his punishment fixed at eighteen months in the penitentiary.

There is but one bill of exceptions in the record which was taken to the overruling of the motion for new trial.  No question of fact or complaint of procedure other than those which occurred during the trial of the case, is presented in the motion for new trial.  Complaint is made of the misspelling of some words in the verdict of the jury, but this is not deemed ground for reversal where the words

used are of such sound and apparent sense as that the verdict is intelligible. The jury's statement that they find the defendant guilty and "ases" his punishment at eighteen months in the "penatenure", is simply a case of misspelling words when from the context it is plain what the jury meant.

The testimony seems sufficient to support the conclusion reached by the jury. In a search of appellant's premises there was found near his house a fifty-gallon barrel full of mash, and not far away a half-gallon of whiskey, and in another part of the premises a still called by the witnesses "an old tub still". A lot of tracks led from appellant's house out to where these articles were found.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—An indictment may properly charge in separate counts kindred offenses growing out of the same transaction, and be not subject to the charge that same is duplicitous. Collins v. State, 77 Tex. Crim. Rep. 166.

On the evidence—appellant's confession admits that the barrel of mash found 'on his premises was his, and that it had been "setting" for three days, and that he was figuring on getting a still "to run off the mash . . . if I could have located the Copeland still, called the company's outfit, I was going to use it." The conviction was for the unlawful possession of mash for the manufacture of intoxicating liquor. The facts support the jury's conclusion.

The motion for rehearing will be overruled.

*Overruled.*